```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```
                                       :
Ademir Queiroz De Souza                :
    Plaintiff,     :
                                       :
v.                                     :   CASE NO. 3:18-cv-1250(AWT)
                                       :
Jefferson B. Sessions, III             :
    U.S. Attorney General, :
    Defendant.     :

## RULING AND ORDER

Plaintiff Ademir Queiroz De Souza, a citizen of Brazil, seeks a temporary restraining order staying execution of a final order of removal.[1] He has filed an administrative appeal from a denial of a motion to reopen and he has also filed a motion to reconsider and remand based on Pereira v. Sessions, 138 S. Ct. 2105 (June 21, 2018), both of which are pending. He has been ordered to depart the United States on a flight leaving from New York City tomorrow evening, July 31. He states that if he leaves the country, he may forfeit his claim to relief under Pereira, and if he fails to appear as directed, he may be taken into custody and detained indefinitely. Based on the statements of his counsel, it appears that he has asked the District Director to postpone his departure date until after final disposition of proceedings on his pending appeal and motion, but the District Director has refused to grant a postponement. He contends that

---

[1] The emergency application has been referred to me as the duty judge for Hartford.

1

the Court has jurisdiction under the All Writs Act to issue a writ of mandamus preventing the District Director from taking action to execute the removal order and that mandamus relief is justified to prevent a violation of due process.

The Government contends that the Court lacks subject matter jurisdiction, citing Judge Meyer's decision in <u>Pomaquiza v. Sessions</u>, No. 3:17-cv-01549 (JAM) at 4-5 (D. Conn. Oct 3, 2017). In that case, Judge Meyer concluded that the District Court lacks jurisdiction to consider a challenge to denial of a stay of a removal order and that any due process challenge must be presented to the Court of Appeals.

After considering Judge Meyer's opinion, I agree that subject matter jurisdiction is lacking.  Under INA § 242(g), 8 U.S.C. § 1252(g), district courts do not have jurisdiction to hear claims relating to execution of removal orders.[2]  Instead, any constitutional claims must be presented to the Court of Appeals.  <u>See</u> 8 U.S.C. § 1252(a)(5).  Plaintiff cites <u>Michael v. INS</u>, 48 F.3d 657 (2d Cir. 1995), but that case predates important changes to the statute brought about by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208,

---

[2] The statute provides:
"Except as provided in this section and notwithstanding any other provision of law, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

2

110 Stat. 3009 (1996), and the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 302 (2005).

Accordingly, the motion for a temporary restraining order is hereby denied.

So ordered this 30th day of July 2018.

/s/RNC
Robert N. Chatigny
United States District Judge